UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

IN RE:  Case No. 24-60087-RBC
LAURIE ELLEN PACE
  Debtor  Chapter 13

## OBJECTION TO CONFIRMATION OF
## DEBTOR'S PROPOSED CHAPTER 13 PLAN

COMES NOW, JPMorgan Chase Bank, National Association ("Chase"), by and through counsel, and files its Objection to the Confirmation of the Chapter 13 Plan filed by Laurie Pace ("Debtor"), and respectfully states as follows:

1. The Debtor filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code on January 28, 2024.

2. Angela Scolforo was appointed as the Chapter 13 Trustee in this case and continues to serve in that capacity.

3. Chase is the holder of a Note (the "Note") secured by a Deed of Trust encumbering the Debtor's property located at 6343 Louisa Rd., Keswick, Virginia 22947 (the "Property"). The property consists of Debtor's residence, farm buildings, including a barn and stables, and acreage.

4. Chase has not yet filed a Proof of Claim in this case and the deadline to do so is April 8, 2024. In the Debtor's prior Chapter 11 case, Chase filed a Proof of Claim on August 29, 2023 which. Claim was designated by the Court as Claim 7-1 and was in the total amount of $1,364,381.95.

5. The Debtor filed a Chapter 13 Plan (the "Plan") on January 28, 2024. The deadline to file objections to the Plan is March 21, 2024 and the confirmation hearing is scheduled for March 28, 2024.

6. The current case is the Debtor's eighth bankruptcy filing since 2007, including a bankruptcy under Chapter 12 of the United States Bankruptcy Code filed on July 31, 2008, Case No. 08-61759. In that case, the Debtor filed a Chapter 12 Plan on April 15, 2009 (the "2009 Plan"). The 2009 Plan was confirmed by Order entered by the Court on May 12, 2009. The 2009 Plan altered the terms of the Note which was held by Washington Mutual at that time. The 2009 Plan changed the terms of the loan to payments of $3,500 per month being due at an annual interest rate of 4.25% with the payments to commence on April 5, 2009. That Plan further provided that all outstanding amounts

owed were to be due and payable six years from the date of confirmation. The Confirmation Order was entered on May 12, 2009 and as such all amounts were due and payable in 2015.

7. The Note held by Chase has matured and the full balance due thereunder is due and owing.

8. The Plan, in pertinent part, proposes to value Chase's collateral in the amount of $737,000.00. See Section 3.2, Exhibit 1. It further proposes monthly payments in the amount of $2,917.29, with interest accruing at 4.75%. The Plan provides that the revised balance of $737,000.00 is to balloon in five (5) years. The Plan also provides that amounts claimed by Chase above $737,000.00 are disputed by the Debtor.

9. The funding of the regular monthly payments to Chase is to come through income derived from the Debtor's farm, including horse clinics, horse teaching, horse showing, horse boarding, and horse leasing. In addition, the Debtor anticipates income from Pug breeding, and operation of an AirBnb.

10. Chase objects to the Plan as not having been proposed in good faith, improperly treating its secured claim and impermissibly seeking to cram down its secured claim, and not being feasible.

## 11 U.S.C. 1325(a)(3) Good Faith

11. The current case is the Debtor's eighth bankruptcy filing since 2007.

12. She previously filed a Chapter 12 on October 31, 2007, Case No. 07-62049, which case was dismissed on November 15, 2007. Shortly thereafter, she filed another Chapter 12, on November 27, 2007, Case No. 07-62240. That case was dismissed upon the Debtor's own Motion on July 7, 2008.

13. On July 31, 2008, the Debtor filed another Chapter 12, Case No. 08-61759, in which a Plan was confirmed on May 1, 2009 and she ultimately obtained a discharge on January 24, 2013. The 2009 Plan provided that she would make payments over six years and then pay off the remaining amount of the obligation. However, the loan was not paid off as the confirmed Plan had proposed.

14. Despite having a confirmed Plan and obtaining a discharge in the 2008 case, she filed bankruptcy yet again July 18, 2014, Case No. 14-61352. This was a Chapter 13 that she filed *pro se*. The case was dismissed on August 6, 2014, less than three weeks after the filing.

15. On July 30, 2018, the Debtor filed another *pro se* Chapter 13, Case No. 18-61488. This case was dismissed on August 14, 2018. Again, no schedules or Plan had been filed.

16. On June 15, 2022 the debtor filed a Chapter 12, Case No. 22-60591, in order to stop an imminent foreclosure sale. She initially filed that case *pro se,* but did ultimately engage counsel. A

Chapter 12 Plan was filed but never confirmed. The Debtor moved to voluntarily dismiss her case and the Order of dismissal was entered on January 27, 2023.

17. The Debtor then filed a Small Business Chapter 11 on June 29, 2023. At the time of filing, a foreclosure sale was scheduled for August 11, 2023. The United States Trustee filed a Motion to Dismiss and the Debtor consented to the dismissal of the case on October 31, 2023.

18. The Debtor's Plan provides for payments over five (5) years. The Plan is not clear when the first post petition payment is due. The loan shall balloon in five years. However, no specifics are provided as to how the Debtor intends to ultimately satisfy the obligation to Chase.

19. After the conclusion of the bankruptcy, Chase is without any assurance of performance by the Debtor. Given her extensive history of largely unsuccessful bankruptcy filings and the fact that she appears willing to file them *pro se,* there is a significant risk that upon the conclusion of this case, she is very likely to simply file bankruptcy again.

20. The Debtor has not made any payments on this loan in several years.

21. Given the debtor's egregious bankruptcy filing history, the lack of safeguards in the Plan that the loan will ever be paid, and the exceedingly low amount proposed to be repaid, this Plan has not been proposed in good faith pursuant to 11 U.S.C. 1129(a)(3).

## 11 U.S.C. 1325(a)(5) Plan Does Properly Treat the Secured Claim of Chase

22. Chase is the holder of a secured claim and does not accept its proposed treatment under the Plan. The holder of the claim must receive on account of such claim, of a value, as of the effective date of the Plan, of at least the value of the interest in such property.

23. The Debtor proposes a cramdown of the balance owed and proposes to value the collateral securing Chase's claim at $737,000.00.

24. An appraisal conducted by Woody Fincham of Fincham & Associaties, Inc., valued the property at $1,000,000.00 as of August 24, 2023.

25. The Debtor is proposing to value the property at $263,000.00 less than what Chase, and the licensed appraiser retained by Chase, believe the value to be.

26. Based upon Chase's appraisal, Chase is not receiving the value of its interest in the property under the terms of the Plan.

**11 U.S.C. 1325(a)(6) Feasibility**

27. The Debtor projects $11.065.19 in monthly income. In her prior unsuccessful case, she had projected $11,773.00 in monthly income.

28. The Debtor is projecting $2,120.00 per month in income from operation of an AirBNB. However, this is a relatively new venture and that amount of monthly income is highly speculative.

29. The Debtor's Plan proposes monthly payments of $2,917.00 to Chase over a period of five (5) years. The Debtor has made no payments whatsoever to Chase in several years and adding this significant monthly expense to her budget is not feasible.

30. Upon information and belief, the Debtor does not currently have insurance on her home and the buildings. Following the filing of the prior case, the Debtor did obtain an insurance policy through State Farm. That policy was subsequently cancelled. Upon information and belief, the policy was cancelled due to the physical condition of the property. It does not appear that the Debtor has the means to obtain and maintain insurance on the property. If the Debtor has obtained insurance, Chase requests proof thereof. Chase has been forced to maintain forced placed insurance on the property.

31. The Debtor's budget is unrealistically tight with little room for downward fluctuations in income or for unanticipated expenses.

32. The Plan proposes a balloon payment in five years. The Plan does not specify exactly when the five years begins and ends. Most importantly, the Plan provides no mechanism or proposal to accomplish this.

33. Chase asserts that the Plan is not feasible and Debtor will not be able to make all payments under the Plan and comply with the Plan. 11 U.S.C. 1325(a)(6).

WHEREFORE, Chase objects to the Plan pursuant to 11 U.S.C. § 1325 as not being proposed in good faith, improperly treating its secured claim and impermissibly proposing to cram down the claim; and as not being feasible, and prays that this Court enter an Order Denying confirmation of the Debtor's Chapter 13 Plan and grant such other and further relief as the Court deems appropriate.

Respectfully Submitted,

Dated: February 26, 2024  */s/ Barry Spear*
Barry Spear VSB# 39152
BWW Law Group, LLC
8100 Three Chopt Rd.
Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
*Counsel for JPMorgan Chase Bank, National Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of February, 2024 the following persons were served with a copy of the foregoing Objection to Confirmation via the CM/ECF system or by first class mail, postage prepaid:

Angela M. Scolforo
Chapter 13 Trustee
P.O. Box 2103
Charlottesville, VA  22902

Andrew S Goldstein, Esq.
PO Box 404
Roanoke, VA 24003

Laurie Ellen Pace
P.O. Box 669
Keswick, VA 22947

 */s/ Barry Spear*
Barry Spear, Esquire